STATE of Maine

v.

Christopher JUREK.

Christopher JUREK

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Argued May 21, 1991.
Decided July 11, 1991.

Michael E. Carpenter, Atty. Gen., Joseph A. Wannemacher (orally), Asst. Atty. Gen., Augusta, for the State.

Donald L. Carter, Kettle, Carter & Anderson, Nicholas H. Walsh (orally), Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

On this consolidated appeal, Defendant Christopher Jurek challenges both his conviction entered in the Superior Court (Cumberland County, *Brodrick, J.*) after a jury found him guilty of robbery in violation of 17–A M.R.S.A. § 651 (1983) [1] and the subsequent dismissal by the court (*Browne, A.R.J.*) of his petition for post-conviction review. Jurek contends that the evidence was insufficient to support his conviction. He also contends that the post-conviction court erred in finding that he had failed to show that he was deprived of an otherwise available substantial ground of defense and, alternatively, violated his right to due process by requiring that he demonstrate prejudice in order to secure post-conviction relief. Perceiving no error, we affirm the judgments.

In the early morning hours of July 26, 1988, Michael O'Brien was sitting on a bench in downtown Portland when he was attacked and confronted with a demand for money. When Portland Police Officer James Ross arrived only seconds later, O'Brien pointed out two men slowly walking away from him across the street. The men stopped for Officer Ross only after he drew his weapon. Following their arrest, one of them was identified as Jurek, a sailor serving aboard the U.S.S. Brumbee then being overhauled at Bath Iron Works in Portland. The other was identified as John Burrage, the brother of one of Jurek's shipmates.

Jurek and Burrage were both indicted for Class A robbery. At his arraignment, Jurek retained an attorney to represent him and pleaded not guilty. Burrage failed to appear at his arraignment and was still at large at the time of Jurek's trial. The trial, which began on January 23, 1989,

---

1. 17–A M.R.S.A. § 651 provides in pertinent part:

    1. A person is guilty of robbery if he commits or attempts to commit theft and at the time of his actions:

    ....

    B. He threatens to use force against any person present with the intent

    (1) to prevent or overcome resistance to the taking of the property, or to the retention of the property immediately after the taking; or

    (2) to compel the person in control of the property to give it up or to engage in other conduct which aids in the taking or carrying away of the property;

    C. He uses physical force on another with the intent enumerated in paragraph B, subparagraphs (1) or (2).

    ....

    2. .... Robbery as defined in subsection 1, paragraph [ ] C, ... is a Class A crime.

consisted of the testimony of only three witnesses: O'Brien, Officer Ross, and Jurek. After a brief period of deliberation, the jury found Jurek guilty of robbery as charged.

Jurek filed a timely notice of appeal to this court. Alleging ineffective assistance of trial counsel, he also filed a petition for post-conviction review in the Superior Court. We granted his motion to stay appellate proceedings pending disposition of his post-conviction petition. Following a hearing on April 6, 1990, the Superior Court dismissed Jurek's petition after finding that, despite trial counsel's "substandard" performance, there was "no evidence that the defendant was deprived of an otherwise available substantial ground of defense." Upon Jurek's appeal from the dismissal of his petition, we issued a certificate of probable cause and consolidated the two appeals.

■ On his direct appeal, Jurek argues only that the State presented insufficient evidence for the jury to have found him guilty of Class A robbery as charged. We disagree. O'Brien testified that Jurek and Burrage approached him in concert and flanked him as he sat on the bench. He testified that both men accused him of drinking their wine, both hit him, both kicked him, and both asked him for money. O'Brien also testified that one of his attackers, although he did not know which, put his hands on O'Brien's pockets in an attempt to locate money or a wallet. From this evidence, viewed in the light most favorable to the State, the jury could rationally have found beyond a reasonable doubt that O'Brien was the victim of a robbery and that Jurek was at least an accomplice [2] if not an active participant in the crime. *See State v. Barry,* 495 A.2d 825, 826 (Me. 1985).

On his post-conviction appeal, Jurek first argues that the court erred in finding that

he had failed to show that he was deprived of an otherwise available substantial ground of defense. We do not agree.

■ The standard for determining whether a criminal defendant has been denied his right to the effective assistance of counsel involves a two-prong inquiry: (1) whether counsel's performance falls measurably below the performance that might be expected of an ordinary, fallible attorney; and, if so, (2) whether counsel's substandard performance "likely deprived the defendant of an otherwise available substantial ground of defense." *Lang v. Murch,* 438 A.2d 914, 915 (Me.1981). Pursuant to this standard, the burden is on the defendant to show not only that trial counsel's performance was deficient but also that the deficiency likely affected the outcome of the trial. *True v. State,* 457 A.2d 793, 797 (Me.1983). Failure to prove resultant prejudice precludes relief regardless of the quality of counsel's performance. *State v. Dafoe,* 463 A.2d 770, 775 (Me. 1983). We will not set aside the findings and conclusions of the post-conviction court unless they are clearly erroneous and unsupported by any competent evidence in the record. *Tribou v. State,* 552 A.2d 1262, 1264–65 (Me.1989); *True v. State,* 457 A.2d at 795.

■ In support of his defense theory that he was a "mere bystander" to the attack on O'Brien, Jurek argues that trial counsel should have located Burrage and obtained an exculpatory statement from him. To show prejudice from the failure to interview a witness, however, the petitioner must demonstrate both the witness's availability for trial and the nature of the witness's testimony. *Doucette v. State,* 463 A.2d 741, 745–46 (Me.1983). Jurek failed to show at the post-conviction hearing that Burrage could have been located and avail-

---

**2.** 17–A M.R.S.A. § 57 (1983) provides in pertinent part:

    3. A person is an accomplice of another person in the commission of a crime if:

    A. With the intent of promoting or facilitating the commission of the crime, he solicits such other person to commit the crime, or

aids or agrees to aid or attempts to aid such other person in planning or committing the crime. A person is an accomplice under this subsection to any crime the commission of which was a reasonably foreseeable consequence of his conduct.

able for trial.[3] Nor did Jurek present any evidence to suggest that Burrage would have made an exculpatory statement even if he had been located and available. On this record, the post-conviction court did not err in finding that Jurek had failed to demonstrate prejudice in connection with his "mere bystander" theory of defense.

■ In support of his defense theory that the attack on O'Brien was at most an assault and not a robbery, Jurek argues that trial counsel should have obtained the record of O'Brien's emergency room treatment. Contrary to Jurek's contentions, however, the record of O'Brien's emergency room treatment does nothing to impair the validity of the jury's verdict. Although the emergency room record reflects that O'Brien was treated for injuries sustained in a "fight" or "assault," the victim's alleged failure to recite an element of the crime irrelevant to medical diagnosis and treatment is not dispositive of the criminal charges and in this case does not amount to a prior inconsistent statement. Accordingly, the court did not err in finding that Jurek had failed to show that he was prejudiced in regard to his assault-not-robbery ground of defense.

■ Finally, Jurek argues in the alternative that his trial counsel's performance was so substandard that he should not have been required to show prejudice in order to secure post-conviction relief. To have made such a requirement of him in these circumstances, he contends, amounted to a violation of his right to due process. Because this issue was neither raised before nor addressed by the post-conviction court, we will not consider it on appeal. *See Landry v. State*, 575 A.2d 315, 316 n. 2 (Me.1990).

The entry is:

Judgments affirmed.

All concurring.

---

**3.** In fact, as Jurek concedes, Burrage was not even apprehended until October of 1990, six months after the hearing on Jurek's petition for post-conviction review.