[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on plaintiff's motion for summary judgment.
The administrator of the estate of DeWitt Black has commenced a wrongful death action against the homeowners Barbara Backman and George Backman.
The plaintiff's decedent sustained fatal injuries CT Page 9011 when he fell through a chimney shaft while working on premises owned by the defendants.
The building permit listed the defendant, Barbara Backman, as the general contractor.
The allegations of the first count state that Mrs. Backman was the general contractor, she "owned, possessed and controlled" the subject premises and that the decedent was a subcontractor.
The second count, addressed to Mr. Backman, alleges that he also "owned, possessed and controlled" the premises upon which plaintiff's decedent was killed. Further, the claim is that the death occurred due to Mr. Backman's "negligence and carelessness" in one or some of nine specified ways.
Both defendants admit "ownership" but deny "control" of the premises.
Summary judgment may be granted only in actions in which the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book Sec. 384. Nolan v. Borkowski, 206 Conn. 495,500, 538 A.2d 1031 (1988).
"In any action . . . any party may move for summary judgment, provided that the pleadings are closed as between the parties to that motion." Conn. Practice Book Sec. 379; Doublewal Corporation v. Toffolon, 195 Conn. 384, 391,488 A.2d 444 (1985). "(T)he burden is on the defendant, the evidence must be viewed in the light most favorable to the plaintiff and he/she is given the benefit of all favorable inferences that can be drawn." Perille v. Raybestos-Manhattan Europe, Inc., 196 Conn. 529, 534, 594 A.2d 555 (1985); Katz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986); Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512,516 (1978).
A party opposing summary judgment must substantiate its adverse claim by presenting evidence that demonstrates the existence of a genuine issue of material fact. Rawlings v. City of New Haven, 206 Conn. 100, 104, 537 A.2d 439 (1988); Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
Having reviewed all of the documentation and memoranda of law submitted by the attorneys, the Court finds that there exists a question of fact to be determined as to whether the right to supervise is intertwined with the right CT Page 9012 to control the premises. Since a dispute exists over a material fact, plaintiff has failed to carry his burden and, therefore, the motion for summary judgment is denied.
Mihalakos, J.