Dennis VAUGHAN

v.

STATE of Maine.

STATE of Maine

v.

Dennis VAUGHAN.

Supreme Judicial Court of Maine.

Argued Oct. 6, 1993.
Decided Nov. 12, 1993.

Geoffrey Rushlau, Dist. Atty., Leane Zainea (orally), Patricia Worth, Asst. Dist. Attys., Belfast, for plaintiff.

Seth Berner (orally), Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

In this consolidated appeal, defendant Dennis Vaughan challenges both a judgment of the Superior Court (Waldo County, *Chandler, J.*) finding him guilty of three counts of drug trafficking and possession of a firearm by a felon, and a judgment of the court (*MacInnes, A.R.J.*) denying all but two grounds of his petition for post-conviction review.[1] Finding no error in either judgment, we affirm.

On appeal from the denial of his petition for post-conviction review, defendant claims ineffective assistance of counsel at trial. The inquiry on an ineffective assistance claim is two-fold:

(1) Has there been serious incompetency, inefficiency or inattention of counsel—

---

1. The State did not contest defendant's claim that his trial counsel had improperly failed to perfect an appeal from sentence and conviction.

The Superior Court reinstated defendant's right to appeal.

performance by counsel which falls measurably below that which might be expected from an ordinary fallible attorney?

(2) Has such ineffective representation by counsel likely deprived the defendant of an otherwise available substantial ground of defense?

*Lang v. Murch*, 438 A.2d 914, 915 (Me.1981) (*citing Commonwealth v. Saferian*, 366 Mass. 89, 96, 315 N.E.2d 878, 883 (1974)). The petitioner must affirmatively show both points; conversely, the court may deny the petition if it finds either prong not satisfied. *E.g., Doucette v. State*, 463 A.2d 741, 745 (Me.1983). The defendant must show that the deficient performance of counsel "likely affected the outcome of the trial." *State v. Jurek*, 594 A.2d 553, 555 (Me.1991) (*citing True v. State*, 457 A.2d 793, 797 (Me.1983)). "Failure to prove resulting prejudice precludes relief regardless of the quality of counsel's performance." *Id.* (*citing State v. Dafoe*, 463 A.2d 770, 775 (Me.1983)).

■ Defendant argues that his counsel's performance at trial was deficient in at least one respect: his failure to understand the implications of a proposed stipulation. Defendant had previously been convicted of felony drug trafficking, and proof of that conviction was necessary to prove the charge of possession of a firearm by a felon. The State and the trial court were concerned about prejudice to defendant if the jury were to hear the nature of the prior conviction. During a pre-trial hearing, defense counsel professed not to understand their concern, and at first refused to stipulate that defendant had previously been convicted of a felony. Immediately before the indictment was read to the jury, the court *sua sponte* ordered the clerk not to disclose the nature of defendant's prior conviction. When this occurred, the court told defense counsel at a bench conference, "you don't really understand the point I was trying to make . . . ." On the next day the proposed stipulation was again discussed, and defense counsel stated, "I

don't want to appear to be totally ignorant, but apparently I'm missing something on this." Only after the court discussed in detail the implications of failing to stipulate to the felony conviction was counsel willing to discuss stipulation with his client. The post-conviction court concluded that the earlier failure to stipulate was a permissible tactical decision. Without addressing the factual conclusion of the post-conviction court, we conclude that defense counsel's performance resulted in no prejudice to defendant. First, because of the trial court's intervention, the jury never heard the nature of defendant's prior offense. After discussions with the court and conferring with defendant, defense counsel understood the concerns and stipulated to the conviction. Defendant has shown no prejudice resulting from counsel's claimed failure to understand the need for the proposed stipulation.

Defendant argues that he should not be required to show prejudice when the performance of counsel was so substandard that "the challenge is in finding something that trial counsel did properly." Because this argument was neither raised before nor addressed by the post-conviction court, we will not consider it on appeal, *Jurek*, 594 A.2d at 556, except on the basis of obvious error, and we find none here.

Defendant also contends that defense counsel refused to permit him to testify on his own behalf at trial. The post-conviction court found as a fact that the right to testify was explained to defendant and rejected defendant's assertion that he had expressed a desire to testify. These findings are not clearly erroneous. The remaining issues raised on direct appeal are without merit.[2]

The entry is:

Judgments affirmed.

All concurring.

---

2. Although not explicitly raised by defendant, we note that the evidence is sufficient to support his conviction. The jury heard evidence that defendant sold marijuana to an undercover police officer on two occasions and sold cocaine to that

officer on one occasion. When executing a search warrant at defendant's house, officers found a rifle in defendant's closet, and defendant admitted at the time knowing that the gun was there and that he could not legally possess it.