RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

OCT 27 2003

NANCY DESJARDIN
CLERK OF COURTS

STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-01-129

JASON DAPRATO,

    Petitioner

v.

STATE OF MAINE,

    Respondent

**ORDER ON PETITION
FOR POST-CONVICTION
REVIEW**

DONALD L. GARRECHT
LAW LIBRARY

DEC 12 2003

This matter is before the court on petition for post-conviction review pursuant to

15 M.R.S.A. §§ 2121-2132 (Supp. 1999). Petitioner was charged by indictment of class D

reckless conduct (count I) and class D aggravated assault (counts II, III and IV). He was

convicted of counts II, III and IV and was sentenced to six years to each count all but

four years suspended, concurrently with each other and consecutive to CR-94-146

(Lincoln County) and four years probation.

The original petition was filed May 7, 2001, seeking a vacation of his convictions

and order for new trial. It alleged ineffective assistance of counsel based upon

allegations of failure to allow petitioner to testify at his trial, failure to interview and call

witnesses and failure to seek change of venue of the trial. In addition, the petitioner

complained that he failed to receive appropriate credit for pretrial incarceration.

Petitioner filed an amended petition on July 20, 2001, with four grounds of

ineffective assistance of counsel including failure to assist petitioner in testifying as to

self-defense, failure to interview and call witnesses, failure to obtain a change of venue,

failure to obtain recording of grand jury testimony, and failure to provide mitigating

evidence at hearing on sentence.

After the post-conviction assignment order, prehearing order resulting from

conference and change of counsel, a disagreement arose as to the matters to be heard at

hearing on the petition. By its order of September 5, 2002, the court ordered that the issues to be tried in the matter within the allegation of ineffective assistance of counsel were to be: (1) "failure of counsel to call petitioner as a witness," (2) "inadequate cross-examination of witnesses," (3) "failure to call witnesses as listed in petition adding Lindsey Costigan," and (4) "failure to record grand jury testimony." The order specifically noted that the failure to request change of venue allegation was specifically withdrawn by petitioner.

Hearing on this matter was held April 4, 2003. Petitioner was present and both petitioner and respondent were represented by counsel. At the conclusion of the hearing, the court ordered post-hearing memoranda of law to be filed. In the memorandum of the petitioner, arguments are advanced of trial counsel's failure to provide the defendant's right to testify, failure to interview and call witnesses, failure to file motions in limine, failure to obtain minutes of the grand jury proceedings, and failure to properly use exculpatory information. The court assumes from this presentation that petitioner has waived all other claims as grounds for assertion of ineffective assistance of counsel.

There is essential agreement between counsel as to the law in Maine regarding ineffective assistance of counsel resulting from development of Maine cases and the United States Supreme Court. The standards are fully developed in *State v. Brewer; Brewer v. State*, 1997 ME 177; 699 A.2d 1139. In determining whether trial counsel's performance is ineffective for purposes of the Sixth Amendment to the United States Constitution and Article I, § 6 of the Maine Constitution, the court must determine whether there has been serous incompetency, inefficiency or inattention of counsel – performance by counsel which falls measurably below that which might be expected from an ordinary fallible attorney and has such ineffective representation by counsel

2

rightly deprived the defendant of an otherwise available substantial ground of defense. *Lang v. Murch*, 438 A.2d 914 (Me. 1981). The petitioner bears the burden of establishing "not only that trial counsel's performance was deficient but also that the deficiency likely affected the outcome of the trial." *State v. Jurak*, 594 A.2d 553 (Me. 1991). The defendant must first establish:

> ... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). The *Strickland* test is "virtually identical" to the test established by the Maine court in *Lang*. *Kimball v. State*, 490 A.2d 653 (Me. 1985).

Thus, this court must determine whether the petitioner has established that his trial attorney's performance deprived him of a substantial ground of defense, *Lang*, 438 A.2d at 915, or that counsel's performance likely affected the outcome of the trial. *Whitmore v. State*, 670 A.2d 394 (Me. 1996). Failure to prove prejudice resulting from an attorney's performance precludes relief regardless of the quality of that performance. *Jurak*, 594 A.2d at 555. In addition, this court must accord "trial counsel great deference in their tactical decisions and these decisions are reviewable solely for 'manifest unreasonableness.' Manifest unreasonableness only occurs when counsel's performance deprives the defendant of a substantial ground of defense." *Twist v. State*, 617 A.2d 548 (Me. 1992). Finally, by way of standards to be applied by this court, is the principle that the evaluation of potential witnesses and "whether their appearance can be expected to benefit or injure his client's case" is a matter left to the professional judgment of the attorney. *Levesque v. State*, 664 A.2d 849 (Me. 1995).

3

Petitioner's conviction arose from an incident in and outside a sandwich shop where a fight broke out in the parking lot after words were exchanged inside the shop. The fight was between the defendant and a person accompanying him against seven boys of high school age. During the course of the altercation, the defendant utilized an aluminum baseball bat which is not disputed. The jury found that petitioner did not strike one of the assailants with his truck. There is a dispute as to whether the petitioner invited the boys outside to fight. The petitioner asserts that he was simply motioning for his companion to leave the shop but it is likely that the jury concluded that that motion was used or at least interpreted by the high school boys to be an invitation to "step outside."

The petitioner has argued, and the trial evidence substantiated, that the defendant was simply acting in self-defense and, indeed, the court gave the self-defense instruction. Petitioner argues that because of that specific defense, it was serious error for his counsel not to assure that he testified in his own defense. The petitioner testified at the post-conviction review hearing that his counsel never discussed with him the matter of whether or not to testify, that counsel never reviewed with him his expected testimony or made any attempt to limit any efforts by the State to impeach him by adverse information. He further argues that counsel had made up his mind not to allow him to testify prior to trial and that, notwithstanding the development of the State's evidence at trial, counsel determined to interfere with his constitutional right to testify.

Trial counsel testified that he had discussed with the petitioner his right to testify and what he would be expected to say. Further, he testified that the decision whether or not to have the petitioner testify was examined and reexamined on multiple occasions prior to and during the trial, and, most particularly, at the conclusion of the

4

State's direct presentation. He asserts that it was fully within his power to move *in limine* for limitations on the State's ability to present impeachment information at any time, including immediately before defendant's testimony, but at the crucial point where the final decision had to be made, he advised petitioner he was not going to call him to testify for very specific tactical trial reasons. Counsel knew the petitioner had a significant criminal record including offenses of violence. Counsel knew the petitioner would have to admit that he made a gesture which could be interpreted to invite the high school boys to follow him outside into the parking lot for purposes of physical confrontation and thereby suggesting that he was the initial aggressor. Counsel also knew that the defendant would have to admit his use of the baseball bat and that he not only disposed of the bat prior to police investigation but also left the scene without reporting an assault against him to the police. Further, petitioner's only explanation for disposing of the bat and failure to report the incident to the police would have been the fact that he had been drinking and was on probation, prohibited use of alcohol a condition of that probation.

The petitioner and his trial counsel provided direct contradictory testimony as to the circumstances arising over the issue of the defendant testifying. As part of that contradiction, petitioner suggested that he told counsel he wanted to testify and counsel denied that petitioner ever told him that he wanted to testify. Significantly, petitioner has provided no evidence that counsel coerced him into waiving his right to testify.

Petitioner argues that every defendant has a right to testify in his or her own behalf, which right is rooted in the Fourteenth Amendment's due process clause, the Sixth Amendment's compulsory process clause and the corollary to the Sixth Amendment's protection against compelled testimony. *Rock v. Arkansas*, 33 U.S. 44 (1987). He also has cited numerous cases affirming a defendant's constitutional right to

testify, that such right is fundamental and may not be waived by counsel on the defendant's behalf, regardless of the soundness of any strategic or tactical consideration. Both parties rely upon *United States v. Teague*, 953 F.2d 1525 (11th Cir.) *cert. denied* 506 U.S. 842 confirming the defendant's right to testify and the right to choose to testify and that unaccompanied by coercion, legal advice concerning exercise of a right to testify infringes no right but simply discharges defense counsel's ethical responsibility to the accused. *Roger-Bey v. Lane*, 896 F.2d 279 (7th Cir. 1990) *cert. denied* 498 U.S. 831 (1990). Petitioner argues that the court must determine whether there existed earnest counseling or overt coercion deciding on whether the defendant knew about his constitutional right to testify, and if not, whether he was informed by counsel and the competence and soundness of defense counsel's tactical advice, i.e., whether counsel presents the defendant with sufficient information to permit a "meaningful" voluntary waiver of the right to testify. Counsel cites *United States v. Bernloehr*, 833 F.2d 749 (8th Cir. 1987) and *United States v. Poe*, 352 F.2d 639 (D.C. 1965).

In the final analysis, the question comes down to a determination of credibility of the petitioner and his trial counsel. Petitioner is no stranger to the criminal justice system. Counsel is an experienced attorney, formerly a United States prosecutor, and with a number of years of criminal defense work under his belt. Petitioner's testimony was inconsistent as to discussions between himself and his attorney and contrary to usual criminal trial practice in this jurisdiction that decisions by defense counsel as to testimony by the defendant are usually not made until the close of the State's case and it is not unusual to raise issues *in limine* at that stage in order to assist counsel in determining whether to call their client. Petitioner has not asserted that counsel coerced him or intimidated him into not testifying; he simply says it was not discussed. Counsel asserts that it was discussed, it was discussed on more than one occasion and it

was discussed during the course of the trial. Admittedly, the extent and nature of defendant's criminal record mitigated against a likelihood of advising his client to testify.

As to the issue of self-defense and whether, as argued by petitioner, it was absolutely essential for his state of mind to be presented to the jury, the petitioner's companion did testify as to the attacks by the boys and the efforts made by himself and the defendant to fight only in the process of attempting to escape and, further, their efforts were necessary in light of the overwhelming odds. Petitioner was not deprived of the self-defense defense because he received the instruction and counsel was allowed to argue the point. The absence of petitioner's testimony that he was concerned for his personal safety as an explanation of his actions had to be weighed against his history of violent behavior, a clear matter of discretion for experienced trial counsel.

The petitioner argues that trial counsel neither interviewed nor presented as a defense witness one Lindsey Costigan and that failure deprived the defendant of a viable defense. *United States v. Porter*, 924 F.2d 395 (1st Cir. 1991). An affidavit of Ms. Costigan provides the information that she knows two of the high school boys involved, she had conversations with them after the incident and one individual told her that the other individual invited the defendant and his companion to go outside the fight. She further avers that one of the two, she cannot identify which one, admitted the use of beer bottles as weapons and kicking the petitioner's vehicle. Ms. Costigan was not called by the defense in the criminal trial and petitioner believes that this important corroborative evidence would have made a substantial difference in forwarding his claim of self-defense.

The court has examined the affidavit of Ms. Costigan and the testimony provided at trial. The admissible portions of her information were brought out at trial by other

7

witnesses. Most of her comments are inadmissible hearsay and even those portions which might be admissible would only be helpful by way of impeachment. It is also clear that she has past and present relationships with some of the high school boys in question. Whether her testimony would have affected in any way the outcome is speculative and unlikely and this court is not satisfied that the plaintiff has established that its absence denies the defendant a defense or would have affected the outcome of the trial.

One of the officers testified at trial that in an examination of the petitioner's truck he noticed "[o]ne of the rear windows were broken out and there was blood on the hood of the vehicle." Petitioner argues that counsel should have moved *in limine* to exclude that statement as the officer was not qualified to identify blood. No objection was made at that time but the State argues that even if the witness could not identify the blood, the officer would have been allowed to testify that it was a red substance resembling blood. More importantly, the State argues that the only relevance of blood on the vehicle was to the charge of reckless conduct with a dangerous weapon, a count in the indictment of which the defendant was found not guilty.

Petitioner argues that failure of counsel to request and obtain a recording of the grand jury testimony was error and affected the competency of his representations. M.R. Crim. P. 6 provides:

> (g)     Procedure for Preparation and Disclosure of Transcript.   No transcript may be prepared of the record of the evidence presented to the grand jury without an order of the court.  Upon motion of the defendant or the attorney for the state and upon a showing of particularized need, the court may order a transcript of the record of the evidence be furnished to the defendant or the attorney for the state upon such terms and conditions as are just.

(Emphasis supplied).

First of all, this court finds no evidence of a particularized need in this case for grand jury testimony. It would appear that petitioner simply would have preferred to have that testimony in order to impeach defendant's witnesses by use of inconsistent testimony. It is standard practice in this court that use of grand jury testimony solely for purposes of impeachment is not a particularized need sufficient to meet the rule. It is highly unlikely a motion by counsel in this case would have been granted and even so, there was no *prima facie* showing of inconsistent statements by witnesses.

Petitioner argues that trial counsel should have used statements obtained by him through his investigator in order to negotiate a more favorable result with the State prosecutor and further that he did not properly use such information during cross-examination of that witness. The court finds nothing from trial counsel's cross-examination to reveal either an improper use of the interview or that information available exculpatory to the defendant was omitted. The interview could only be used to refresh memory or to impeach and some of the interview was contrary to petitioner's best interest. Among other things, the interview contained the information describing petitioner's motion inviting the high school kids to "step outside." The court finds no evidence of prejudice arising from that allegation.

Applying the standards as law in this jurisdiction, the court does not find that petitioner has met his burden of establishing that counsel's performance fell below that of an ordinary fallible attorney or that he was deprived of a substantial ground of defense. Further, examining the precise allegations, the court is not satisfied that there is reasonable grounds to believe that the omissions complained of would have affected the outcome of the trial.[1]

_____

[1] In examining the transcript of the trial, had this court been a fact finder, it is likely it would have been more sympathetic to the evidence of self-defense than obviously was this jury. That is not the issue before this court but it does make clear that the jury was presented with a genuine issue of whether the State overcame the evidence of self-defense presented by trial counsel.

For reasons stated herein, the entry will be:

Relief requested by petition for post-conviction review is DENIED.

Dated: October 27, 2003

Donald H. Marden
Justice, Superior Court

JASON DAPRATO
  vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2001-00129

## DOCKET RECORD

PL. DOB: 06/29/1970
PL. ATTY: ROBERT BENNETT
       LAW OFFICE OR ROBERT BENNETT
       72 LEIGHTON ROAD
       PO BOX 66836
       FALMOUTH ME 04105
       RETAINED 09/06/2001

State's Attorney: DAVID CROOK

Filing Document: PETITION
Filing Date: 05/07/2001

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

05/11/2001 FILING DOCUMENT -  PETITION FILED ON 05/07/2001

05/11/2001 NOTE -  OTHER CASE NOTE ENTERED ON 05/03/2001

       BARRY P. WILSON, ESQ.                     240 COMMERCIAL
       STREET                           SUITE 5A
                         BOSTON, MA 02109
                 617-248-8700
05/11/2001 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 05/11/2001

05/11/2001 POST CONVIC. REVIEW -  REVIEW REVIEW BY JUSTICE ON 06/05/2001
       S KIRK STUDSTRUP , JUSTICE
09/06/2001 ATTORNEY -  RETAINED ENTERED ON 09/06/2001

       Attorney:  ROBERT BENNETT
09/06/2001 OTHER FILING -  WITNESS LIST FILED BY DEFENDANT ON 09/06/2001

09/25/2001 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY STATE ON 09/25/2001

       TO FILE POST-CONVICTION RESPONSE. OBJECTED TO BY ROBERT BENNETT, ESQ.
10/02/2001 OTHER FILING -  OTHER DOCUMENT FILED ON 10/02/2001

       MEMORANDUM IN OPPOSITION TO STATE'S MOTION FOR EXTENSION OF TIME.
10/02/2001 MOTION -  MOTION TO ADMIT VISIT. ATTY FILED BY DEFENDANT ON 01/02/2001

10/03/2001 MOTION -  MOTION TO ADMIT VISIT. ATTY GRANTED ON 10/02/2001
       S KIRK STUDSTRUP , JUSTICE
       COPY TO PARTIES/COUNSEL                      MR. WILSON MAY
       APPEAR WITH MR. BENNETT FOR THE PETITIONER PURSUANT TO RULE 89(B).   BARRY P. WILSON, ESQ.
       240 COMMERCIAL STREET, SUITE 5A, BOSTON,    MASSACHUSETTS  02109
10/04/2001 OTHER FILING -  OTHER DOCUMENT FILED ON 10/04/2001

       APPEARANCE OF COUNSEL FILED.  BARRY P. WILSON, ESQ., 240 COMMERCIAL STREET SUITE 5A,
       BOSTON, ME  02109 (617) 248-8979.
10/16/2001 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 10/12/2001

Printed on: 10/27/2003

05/13/2002 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 04/01/2002
JOHN R ATWOOD , JUSTICE
Attorney: ROBERT BENNETT
DA: PAUL RUCHA          Reporter: LAURIE GOULD
EVIDENTIARY HEARING WILL BE REQUIRED. 1/2 DAY SHOULD BE SUFFICIENT. THE JULY 2001 PETITION
ONLY.

                              COPIED AND DISBURSED 5/17/02.
07/16/2002 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 08/12/2002 @ 9:00


NOTICE TO PARTIES/COUNSEL
07/25/2002 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 07/25/2002


CERTIFIED COPY TO SHERIFF DEPT. DEFENDANT IS NEEDED AT SUPERIOR COURT ON AUGUST 12, 2002
AT 9:15 A.M.
07/31/2002 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 07/31/2002


Attorney: ROBERT BENNETT
DEFENSE ATTORNEY BENNETT REQUESTS THIS COURT CONTINUE THE EVIDENTIARY HEARING CURRENTLY
SCHEDULED FOR 8/12/02. THIS REQUEST IS MADE ON BEHALF OF ATTORNEY BARRY WILSON.
08/08/2002 MOTION - MOTION TO CONTINUE GRANTED ON 08/07/2002
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL MAILED 8/8/02
08/08/2002 WRIT - HABEAS CORPUS TO TESTIFY VACATED ON 08/07/2002


AS A MOTION TO CONTINUE HAS BEEN GRANTED, THIS WRIT IS RECALLED.
08/28/2002 HEARING - EVIDENTIARY HEARING CONTINUED ON 08/07/2002


08/28/2002 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 09/05/2002 @ 8:30


NOTICE TO PARTIES/COUNSEL
08/28/2002 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 08/28/2002


CERTIFIED COPY TO SHERIFF DEPT.
09/03/2002 LETTER - REQUEST FOR PROTECTION FILED ON 08/30/2002


FILED BY STATE, ATTORNEY PERRINO IS AN ESSENTIAL WITNESS IN THIS CASE AND HE IS SCHEDULED
TO BE IN BOSTON FOR SURGERY ON THE 5TH OF SEPTEMBER. STATE IS REQUESTING PROTECTION FOR
THAT DATE.
09/12/2002 HEARING - EVIDENTIARY HEARING HELD ON 09/05/2002


HEARING STARTED AND THEN WAS CONTINUED. COUNSEL HAD DISAGREEMENT ON THE  ISSUES OF THE
HEARING. CONFERENCE HELD ON THE RECORD.
09/12/2002 HEARING - EVIDENTIARY HEARING CONTINUED ON 09/05/2002
DONALD H MARDEN , JUSTICE
HEARING CONTINUED UNTIL FURTHER ORDER OF THE COURT. JUSTICE MARDEN WILL  SCHEDULE FOR
HEARING IN 2003.
09/12/2002 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 09/05/2002
DONALD H MARDEN , JUSTICE
Attorney: ROBERT BENNETT
DA: PAUL RUCHA
VISITING ATTY BARRY WILSON WAS PRESENT FOR HEARING AND CONFERENCE.
09/12/2002 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 09/05/2002

DONALD H MARDEN , JUSTICE
IT IS AGREED AND ORDERED: ISSUES TO BE TRIED WITHIN ALLEGATION OF      INEFFECTIVE
ASSISTANCE OF COUNSEL ARE, FAILURE OF COUNSEL TO CALL PETN     AS A WITNESS, INADEQUATE
CROSS-EXAMINATION OF WITNESSES, FAILURE TO CALL    WITNESSES AS LISTED IN PETITION ADDING
LINDSEY COSTIGAN, FAILURE TO RECORD GRAND JURY PROCEEDINGS.  ISSUE WITHDRAWN BY PETITIONER
IS FAILURE TO     REQUEST CHANGE OF VENUE.  THE HEARING IS CONTINUED UNTIL FURTHER ORDER
OF  COURT.    COPIES TO COUNSEL.

12/18/2002 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 01/24/2003 @ 11:30

           NOTICE TO PARTIES/COUNSEL
12/18/2002 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 12/18/2002

12/26/2002 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 12/26/2002

12/30/2002 MOTION -  MOTION TO CONTINUE GRANTED ON 12/30/2002
           DONALD H MARDEN , JUSTICE
           COPY TO PARTIES/COUNSEL
02/28/2003 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 03/31/2003 @ 9:00

           NOTICE TO PARTIES/COUNSEL
02/28/2003 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 02/28/2003

04/03/2003 HEARING -  EVIDENTIARY HEARING CONTINUED ON 03/25/2003

04/03/2003 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 04/04/2003 @ 8:30

           NOTICE TO PARTIES/COUNSEL
04/03/2003 WRIT -  HABEAS CORPUS TO TESTIFY ISSUED ON 04/03/2003

           CERTIFIED COPY TO SHERIFF DEPT.
04/08/2003 HEARING -  EVIDENTIARY HEARING HELD ON 04/04/2003
           DONALD H MARDEN , JUSTICE
           Attorney: ROBERT BENNETT
           DA:  PAUL RUCHA          Reporter: LAURIE GOULD
           Defendant Present in Court

           EXHIBIT OFFERED - PETITIONER'S #2 - TRANSCRIPT OF MORIN/KINSELLA CONVERSATION. FINAL
           ARGUMENTS TO BE IN WRITING NO LATER THAN 90 DAYS, STATE TO RESPOND 30 DAYS THEREAFTER.
04/09/2003 WRIT -  HABEAS CORPUS TO TESTIFY REMANDED ON 04/04/2003
           DONALD H MARDEN , JUSTICE
           Defendant Present in Court
05/23/2003 MOTION -  MOTION FOR EXTENSION OF TIME MOOT ON 05/23/2003

06/16/2003 OTHER FILING -  MEMORANDUM OF LAW FILED ON 06/16/2003

           BARRY P. WILSON, COUNSEL FOR JASON DAPRATO
07/16/2003 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY STATE ON 07/15/2003

           TO FILE BRIEF - NO OBJECTION BY PETITIONER.
07/22/2003 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 07/18/2003

           COPY TO PARTIES/COUNSEL
08/05/2003 OTHER FILING -  MEMORANDUM OF LAW FILED ON 08/04/2003

Printed on: 10/27/2003

STATE'S POST HEARING BRIEF FILED.

10/27/2003 POST CONVIC. REVIEW - PCR DETERMINATION UNDER ADVISEMENT ON 04/04/2003
DONALD H MARDEN , JUSTICE

10/27/2003 FINDING - DENIED ENTERED BY COURT ON 10/27/2003
DONALD H MARDEN , JUSTICE


## Exhibits

09/05/2002 PETITIONER, Exhibit#1, TRANSCRIPT OF INTERVIEW BETWEEN M. RIDEOUT AND M. KINSELLA, Adm over obj on 09/05/2002.

04/04/2003 PETITIONER, Exhibit#2, TRANSCRIPT OF CONVERSATION BETWEEN R. MORIN AND M. KINSELLA., Marked on 04/04/2003.

A TRUE COPY
ATTEST: _____
                    Clerk