STATE of Maine

v.

Marc PELLETIER.

Supreme Judicial Court of Maine.

Argued Jan. 19, 1994.

Decided Feb. 7, 1994.

Dennis E. Smith, Asst. Dist. Atty., Machias, for plaintiff.

Earle S. Tyler, Milbridge, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Marc Pelletier appeals from the judgment entered by the Superior Court (Washington County, *Mills, J.*) affirming his convictions for assault, 17–A M.R.S.A. § 207 (1983), and possession of marijuana, 22 M.R.S.A. § 2383 (1992). Because Pelletier did not file a notice of his appeal of the assault conviction in a timely fashion, we dismiss that part of the appeal. With respect to the civil violation, possession of marijuana, we reject Pelletier's argument that the court erred in allowing the arresting officer to testify as to the identification of the marijuana plant, and therefore we affirm the judgment.

On October 24, 1992, Marc Pelletier became angry with his girlfriend who shared a home with him and was the mother of his young son. During the course of the ensuing argument, Pelletier twice pushed her down so that she suffered a bump on her head and a cut on her arm. When a state trooper came to the house to question Pelletier, he found a plant, which Pelletier identified as his "weed." The trooper seized the plant and testified at trial that it was marijuana.

The District Court (Machias, *Romei, J.*) found Pelletier guilty of assault and possession of marijuana. The Superior Court (Washington County, *Mills, J.*) affirmed the convictions. Pelletier filed his appeal to this Court twenty-nine days after the Superior Court order had been entered. The State filed a motion to dismiss the appeal on the criminal charge on the ground that it was not timely.

## I.

A criminal defendant has twenty days after the entry of judgment within which to file a notice of appeal to this Court. M.R.Crim.P. 37(c). Failure to meet this deadline is fatal to the authority to hear the appeal. *State v. Mower,* 254 A.2d 604, 605 (Me.1969). Pelletier did not move for an enlargement of the filing period prior to its expiration, nor did he attempt to demonstrate "excusable neglect" after the deadline was missed. M.R.Crim.P. 45(b). We decline to entertain his appeal on the assault conviction.

## II.

Because it occurred within thirty days of the entry of judgment, Pelletier's filing of a notice of appeal within 30 days from entry of the judgment for the civil violation of possession of marijuana was timely. M.R.Civ.P. 73(a). Pelletier argues that the trial court improperly allowed the state trooper who had arrested him to testify that the plant he seized was marijuana, because the trooper's limited training in the identification of marijuana disqualified him as an expert pursuant to M.R.Evid. 702. We reject Pelletier's argument. It was not an abuse of discretion for the trial court to allow the trooper's testimony after the State had established that the trooper had been trained to identify marijuana, and had experience in identifying this plant. *See State v. Tibbetts,* 604 A.2d 20, 22 (Me.1992); *State v. Spearin,* 477 A.2d 1147, 1151 (Me.1984).

Pelletier also contends that the trial court could not infer that the amount of marijuana seized was a "usable" amount and therefore subject to the civil possession charge. *See* 22 M.R.S.A. § 2383 (1992) ("Possession of a usable amount of marijuana is a civil violation . . ."). This argument is without merit. The characterization of a "usable" amount of marijuana in the statute is to prevent conviction of possession for an amount that cannot be consumed. *State v. Bonney,* 427 A.2d 467,

470 (Me.1981). The amount seized in the instant case far exceeds the "fragments" and "scrapings" we have characterized as unconsumable and therefore not covered by the statute. *Id.*

The entry is:

Appeal of the judgment on the criminal conviction dismissed. Judgment on the civil violation affirmed.

All concurring.