Joseph A. LAGASSEE

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Argued Jan. 4, 1995.
Decided Feb. 27, 1995.

Valerie Stanfill (orally), Berman & Simmons, P.A., Lewiston, for plaintiff.

Craig Turner, Joseph O'Connor (orally), Asst. Dist. Attys., Auburn, for the State.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

The State appeals from a judgment entered in the Superior Court (Androscoggin County, *Fritzsche, J.*) granting post-conviction relief to the petitioner, Joseph Arthur Lagassee, on the basis of ineffective assistance of counsel. The State contends that the court's finding of ineffective representation was clearly erroneous. We affirm the judgment.

Lagassee was indicted in 1989 on two counts of unlawful sexual contact, Class C, 17–A M.R.S.A. § 255(1)(C) (Supp.1994) and one count of gross sexual misconduct, Class A, 17–A M.R.S.A. § 253 (Supp.1994). The

offenses were alleged to have occurred on or about January 3, 5, and 12, 1983. The complainant, a twelve-year-old female at the time of the alleged offenses, took music lessons from Lagassee at a public school. She filed no complaint until 1988. The first jury trial ended in a mistrial. A second jury trial resulted in a verdict of guilty on all three counts. Lagassee received a prison sentence on all three counts, and filed a direct appeal. We affirmed his conviction. *State v. Lagasse*, 575 A.2d 1224 (Me.1990). Attorney Robert Napolitano was privately retained to represent petitioner at both jury trials, at the sentencing, and on the appeal.

In 1992, Lagassee, with new representation, filed a petition for post-conviction review pursuant to 15 M.R.S.A. § 2129 (Supp. 1994) alleging ineffective assistance of counsel due to a lack of pretrial investigation, ineffective representation at trial, and ineffective representation at sentencing. After a hearing, the court granted the petition and ordered that the judgment of conviction and commitment be vacated. The court held that petitioner was denied effective assistance of counsel with regard to pretrial investigation and sentencing, and that the faults "very likely deprived the defendant of otherwise available substantial grounds of defense." The State appeals.

■ Article I, section 6 of the Maine Constitution and the Sixth Amendment to the U.S. Constitution guarantee a criminal defendant's right to effective assistance of counsel. *Tribou v. State*, 552 A.2d 1262, 1264 (Me. 1989). To guarantee this right, we employ a standard of "reasonably competent assistance." *Id.* at 1264. The inquiry is: "(1) whether counsel's performance falls measurably below the performance that might be expected of an ordinary, fallible attorney; and, if so, (2) whether counsel's substandard performance 'likely deprived the defendant of an otherwise available substantial ground of defense.'" *State v. Jurek*, 594 A.2d 553, 555 (Me.1991) (quoting *Lang v. Murch*, 438 A.2d 914, 915 (Me.1981)).

■ Defense counsel owes a duty to the client to conduct a reasonable investigation. *Doucette v. State*, 463 A.2d 741, 745 (Me.

1983). "The amount of pretrial investigation necessary to comply with that duty cannot be measured precisely." *Pierce v. State,* 463 A.2d 756, 759 (Me.1983). A court engaged in post-conviction review does not assess defense counsel's conduct from hindsight, but rather, it takes into account all of the circumstances of the case as known to counsel. *Id.* On appeal, we will set aside the findings and conclusions of the court only if they are clearly erroneous and there is no competent evidence in the record to support them. *Jurek,* 594 A.2d at 555; *Tribou,* 552 A.2d at 1264-65.

■ The court found that the attorney's failure to conduct an adequate pretrial investigation denied Lagassee effective assistance of counsel. That finding was premised in substantial part on the attorney's failure to obtain certain medical records. Because we affirm on this ground alone, we do not address the court's additional finding that the attorney failed to adequately investigate potential witnesses.

Testimony at trial may be summarized as follows: The alleged victim, a student in the Sabattus Elementary School in 1983, testified that on January 3, the first day back after school vacation, she had a music lesson with Lagassee after school. She testified that after the lesson, Lagassee drove her home. She testified that it was dark when they left the school at about 6:00 p.m., and that sexual contact took place while they were sitting in the truck. School records suggest that Lagassee was present at school that day, but Lagassee, the sole defense witness, denied that this incident occurred. He testified that after school on January 3, he arrived at his doctor's office in Waterville at quarter of or ten to five.

The testimony at the post-conviction hearing established that Lagassee informed his attorney that he had visited his doctor on the date in question. His attorney failed to obtain the medical record, and presented no evidence from this record at either the first or second trial. He testified that he made two attempts to telephone Lagassee's doctor but was told that the doctor was on vacation. He then asked Lagassee to contact the doctor, but this too proved to be unavailing.

The medical record was finally obtained by Lagassee's new attorney in the post-conviction proceedings, and it documents a visit to the doctor's office. The record, dated January 3, 1983, indicates that Lagassee "has just finished first day of teaching." We find no clear error in the post-conviction court's conclusion that the trial attorney's failure to obtain the medical record falls measurably below the performance of an ordinary, fallible attorney, and that it likely deprived Lagassee of an otherwise available substantial ground of defense.

■ The State contends that the attorney could reasonably rely on Lagassee to obtain the medical record. Although the attorney could properly ask his client to obtain the record, this did not fully discharge his duty to obtain the information. *See Doucette,* 463 A.2d at 745 (finding that, while counsel properly asked defendant to find a witness who may have had information relevant to the case, counsel "was not fully absolved of his duty to find and to interview [the witness]"). The attorney testified that Lagassee told him that "[t]here was a significant time difference ... between the time the victim said that it had happened and what [the doctor's] records reflected on one occasion" and that the evidence would not be helpful, but Lagassee denied making this statement. Also, Lagassee testified that the attorney told him that he did not think they needed the doctor as a witness. Because the court was not required to believe the attorney's testimony on these points, and competent evidence supports the court's determination, the State's argument fails.

The credibility of the alleged victim and Lagassee was the crucial issue at trial. The medical record supports Lagassee's testimony that he was at his doctor's office in Waterville near or at the time of the first alleged incident. The medical record, together with other evidence, could provide an alibi contradicting the victim's testimony. The absence of that medical record from evidence in all likelihood influenced the outcome of the trial. Although the medical record related to only one of the three counts, its impeaching value with respect to the alleged victim's credibility could have affected the outcome of the other

counts as well. We find no clear error in the court's conclusion that the attorney's failure to obtain the medical record constitutes ineffective assistance of counsel.

The entry is:

Judgment affirmed.

All concurring.