STATE OF MAINE
KENNEBEC, ss

RECEIVED AND FILED
KENNEBEC COUNTY

2008 DEC 29 P 4: 18

CLERK OF COURTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-07-222
NM -KEN- 12/29/2008

RICKY SOUCY,

          Petitioner

v.

STATE OF MAINE,

          Respondent

DECISION AND ORDER
ON PETITION FOR
POST-CONVICTION REVIEW

The petitioner was found guilty after a jury trial of two counts of class A gross sexual assault and three counts of class B unlawful sexual contact. He received a sentence of thirty-five years incarceration, all but twenty years suspended, and six years of probation on the class A offenses and eight years on the class B offenses, to be served concurrently.

The petitioner's motion for a new trial was denied on 10/15/04. His appeal of his sentence was denied by decision dated 1/30/06.

In his petition for post-conviction review (PCR)[1], the petitioner alleges he received ineffective assistance of counsel at trial and at sentencing based on the following:

1. counsel allowed the petitioner to proceed to trial knowing that he was under the influence of a narcotic and not competent;

2. counsel failed to counter the testimony of Dr. Lawrence Ricci at trial;

3. counsel failed to present exclupatory witnesses' testimony at trial to testify on behalf of the petitioner and failed to request a Clifford order; and

---

[1] On 9/17/08, the State withdrew its motion to dismiss dated 5/9/08 and the petitioner withdrew ground two of the amended petition. The State's motion to dismiss dated 9/9/08 is denied.

1

4. counsel agreed to the admission of unsworn statements of uncharged criminal conduct at sentencing.

For the following reasons, the petition is denied.

FINDINGS

Trial counsel believed the plea offer from the State was favorable for this difficult case to try. The defense was that the allegations were made up and the victim was lying. The petitioner also advised trial counsel that the victim would not testify that the conduct occurred. The victim did, in fact, testify that the petitioner committed the conduct alleged in the indictment. (Trial Tr. at 10, 14-27.)

Competency

Trial counsel met with the petitioner several times before trial. Trial counsel was not aware at any time that the petitioner was under the influence of drugs or was taking prescription medicine. The petitioner exhibited no signs of impairment and did not inform trial counsel that the petitioner was taking medicine. In fact, the petitioner assisted trial counsel at trial. The petitioner's testimony at the hearing on the petition for PCR that he was "pretty confused" does not require a finding of incompetence or impairment.

Dr. Ricci

Trial counsel chose not to pursue an independent review of Dr. Ricci's report or a second evaluation of the victim. Trial counsel had been involved in cases in which Dr. Ricci was an expert witness. Trial counsel understood the Ricci report and did not require an expert to explain the report. Trial counsel determined that a request for a second exam of the victim would be more invasive than reasonable.

On cross-examination, trial counsel highlighted that Dr. Ricci concluded only that his findings were "consistent with sexual abuse." (Trial Tr. at 182.) Dr. Ricci also

2

agreed that his findings were consistent with penetrating trauma, which could be caused by something other than sexual abuse. (Id. at 183-84.)

There is no evidence in this record that a second evaluation or an independent review of Dr. Ricci's report would have resulted in evidence favorable to the petitioner.

### Exculpatory Witnesses

The petitioner testified at the hearing on the petition for PCR that his stepchildren should have been called to testify about his conduct at the house and to show the absence of sexual behavior on his part. These potential witnesses did not testify at the hearing on the petition for PCR. There is no evidence in this record with regard to whether these witnesses were available or what these witnesses would have testified about, except for the defendant's vague generalizations and his speculation that the witnesses would have helped.

Trial counsel did not request a Clifford order with the regard to records from the Department of Health and Human Services because he had no reason to believe they would be helpful. No such records were produced at the hearing on the petition for PCR. There is nothing in this record to show such records would have been helpful to the defendant.

### Statements at Sentencing

At sentencing, the State made an offer of proof about the proposed testimony of Danielle Smith, who was identified to trial counsel on 7/22/04. (Sentencing Tr. at 10-12.) The offer of proof described the petitioner's looking up Ms. Smith's nightgown and assaulting her when she was eight years old. (Id.) Trial counsel objected to the offer of proof. (Id. at 14-17; 20-23.) The State proposed either to call Ms. Smith to the witness stand or to offer her written statement. (Id. at 19.) After argument, the court determined that the testimony of Ms. Smith would be admitted. (Id. at 24.)

3

Based on that ruling, trial counsel waived his right to cross-examine Ms. Smith and preferred that the court read unsworn statements from Ms. Smith as opposed to her live testimony. (Id. at 25-27.) Trial counsel chose this strategy because he was concerned that if Ms. Smith testified, she might elaborate on the written statements and make matters worse for the petitioner.[2]

Prior to trial, the petitioner's private investigator has investigated Ms. Smith. Trial counsel determined that Ms. Smith would not be a favorable witness for the defense.

CONCLUSIONS

For trial issues, the petitioner must demonstrate that there has been serious incompetency, inefficiency or inattention of counsel that falls below that which might be expected from an ordinary fallible attorney and that the ineffective representation by counsel has likely deprived the defendant of an otherwise available substantial ground of defense. See State v. Brewer, 1997 ME 177, ¶¶ 15-17, 699 A.2d 1139, 1143-44. "[T]he test is applied on a case-by-case basis, and evaluations of ineffective assistance of counsel claims are 'guided by the overall justness and fairness of the proceeding.'" McGowan v. State, 2006 ME 16, ¶ 12, 894 A.2d 493, 497 (quoting Aldus v. State, 2000 ME 47, ¶¶ 14-15, 748 A.2d 463, 468.

"Defense counsel owes a duty to the client to conduct a reasonable investigation." Lagassee v. State, 655 A.2d 328, 329 (Me. 1995). That duty includes a duty to interview witnesses who have information relevant to a case. See Doucette v. State, 463 A.2d 741, 745 (Me. 1983). In order to show prejudice, the petitioner must show that an allegedly exulpatory witness was available for trail and the nature of the witness's testimony. Id. at 745-46.

---

[2] The defendant declined to make any statement at sentencing. (Sentencing Tr. at 61.)

PL. DOB: 11/03/1959
PL. ATTY: DAVID PARIS                                      State's Attorney: EVERT FOWLE
       72 FRONT STREET
       BATH ME 04530-2657
       APPOINTED 03/07/2008

Filing Document: PETITION                          Major Case Type: POST CONVICTION REVIEW
Filing Date: 03/08/2007

## Charge(s)

## Docket Events:

03/08/2007 FILING DOCUMENT -  PETITION FILED ON 03/08/2007

03/19/2007 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 03/13/2007

03/21/2007 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 03/21/2007

       COPY TO PARTIES/COUNSEL
03/21/2007 Party(s):  RICKY SOUCY
       ATTORNEY -  APPOINTED ORDERED ON 03/21/2007

       Attorney:  ROBERT RUFFNER
03/21/2007 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 03/21/2007

03/29/2007 FINDING -  SUMMARILY DISMISSED ENTERED BY COURT ON 03/29/2007

       ORDER TO SUMMARILY DISMISS POST-CONVICTION REVIEW
05/24/2007 APPEAL -  NOTICE OF APPEAL FILED ON 05/04/2007

05/24/2007 APPEAL -  NOTICE OF APPEAL SENT TO LAW COURT ON 05/24/2007

06/08/2007 FINDING -  DISMISSED BY COURT ENTERED BY COURT ON 06/08/2007

       THE SUPERIOR COURT SUMMARILY DISMISSED RICKY SOUCY'S PETITION FOR POST-CONVICTION REVIEW
       ON MARCH 29, 2007.  PETITIONER FILED HIS NOTICE OF APPEAL IN THE SUPERIOR COURT ON MAY 4,
       2007.  THE TIME PERIOD FOR FILING A NOTICE OF APPEAL IS 21 DAYS AFTER ENTRY OF JUDGMENT.
       IT IS HEREBY ORDERRED THAT THE ABOVE NAMED APPEAL BE DISMISSED FOR HAVING BEEN FILED OUT
       OF TIME.
08/17/2007 ORDER -  COURT ORDER ENTERED ON 07/25/2007

       IT IS HEREBY ORDERED THAT THE MOTION FOR RECONSIDERATION BE GRANTED, THE ABOVE NAMED CASE
       SHALL BE RESTORED TO THE LAW COURT'S DOCKET.  APPELLANT SHALL FILE HIS MEMORANDUM IN
       SUPPORT OR REQUEST FOR CERTIFICATE OF PROBABLE CAUSE ON OR BEFORE AUGUST 17.
09/24/2007 ORDER -  COURT ORDER FILED ON 09/19/2007

       THE COURT HEREBY VACATES THE SUMMARY DISMISSAL OF THE POST CONVICTION PETITION OF RICKY
       SOUCY.  THE SUPERIOR COURT SHOULD APPOINT COUNSEL TO REPRESENT SOUCY AND ALLOW COUNSEL TO
       DEVELOP ARGUMENTS REGARDING THE TIMELINESS OF THE PETITION.  THE COURT TAKES THIS ACTION

BECAUSE THE RECORD INDICATES CONFUSION OVER WHETHER COUNSEL WAS APPOINTED.  THE RECORD
ALSO INDICATES THAT SOUCY CLAIMS TO HAVE ATTEMPTED TO TIMELY FILE A PETITION, WHICH WAS
NOT RECEIVED BY THE COURT, AND HE CLAIMS TO HAVE AN ORDER

10/04/2007 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 10/04/2007

SENT TO JUSTICE CUDDY IN PENOBSCOT
10/23/2007 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 10/19/2007

10/24/2007 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 10/24/2007
           NANCY  MILLS , JUSTICE
03/04/2008 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 03/04/2008

03/04/2008 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 03/04/2008

03/06/2008 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/06/2008
           NANCY  MILLS , JUSTICE
           COPY TO PARTIES/COUNSEL
03/06/2008 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 03/06/2008
           NANCY  MILLS , JUSTICE
           COPY TO PARTIES/COUNSEL
03/06/2008 Party(s):  RICKY SOUCY
           ATTORNEY -  WITHDRAWN ORDERED ON 03/06/2008

           Attorney:  ROBERT RUFFNER
03/07/2008 Party(s):  RICKY SOUCY
           ATTORNEY -  APPOINTED ORDERED ON 03/07/2008

           Attorney:  DAVID PARIS
04/22/2008 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 04/22/2008

05/15/2008 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 05/30/2008 @ 3:30

05/15/2008 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 05/15/2008

05/15/2008 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 05/09/2008

06/03/2008 POST CONVIC. REVIEW -  PCR CONFERENCE HELD ON 05/30/2008
           NANCY  MILLS , JUSTICE
           Attorney:  DAVID PARIS
           DA:  JAMES MITCHELL
06/03/2008 POST CONVIC. REVIEW -  ORDER RESULTING FROM PCR CONF FILED ON 05/30/2008

06/03/2008 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 08/26/2008 @ 1:00

           NOTICE TO PARTIES/COUNSEL
06/03/2008 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 06/03/2008

06/03/2008 WRIT -  HABEAS CORPUS TO TESTIFY ISSUED ON 06/03/2008

           CERTIFIED COPY TO SHERIFF DEPT.
07/17/2008 HEARING -  MOTION TO DISMISS SCHEDULED FOR 08/12/2008 @ 1:00

           NOTICE  TO PARTIES/COUNSEL

07/17/2008 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 07/16/2008

CERTIFIED COPY TO SHERIFF DEPT.
08/12/2008 HEARING - MOTION TO DISMISS HELD ON 08/12/2008
NANCY MILLS , JUSTICE
Attorney: DAVID PARIS
DA: JAMES MITCHELL
Defendant Present in Court

ER
08/12/2008 HEARING - EVIDENTIARY HEARING CONTINUED ON 08/12/2008

08/12/2008 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 09/17/2008 @ 8:15

NOTICE TO PARTIES/COUNSEL
08/12/2008 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 08/12/2008

08/12/2008 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 08/13/2008

CERTIFIED COPY TO SHERIFF DEPT.
08/13/2008 OTHER FILING - TRANSCRIPT FILED ON 08/13/2008

SENTENCING TRANSCRIPT FILED BY JANET COOK
09/10/2008 MOTION - MOTION TO DISMISS FILED BY STATE ON 09/10/2008

RESPONDENT'S MOTION TO DISMISS GROUNDS 2, 4 AND 5 OF THE MAY 28, 2008 AMENDED PETITION FOR
POST CONVICTION REVIEW
09/10/2008 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 09/10/2008

RESPONDENT'S ANSWER TO THE AMENDED PETITION FOR POST CONVICTION REVIEW DATED MAY 26, 2008
09/18/2008 HEARING - EVIDENTIARY HEARING HELD ON 09/17/2008
NANCY MILLS , JUSTICE
Reporter: CASE ENOCH
Defendant Present in Court

AS TO COUNTS 1, 3, 4 & 5
09/18/2008 HEARING - MOTION TO DISMISS HELD ON 09/17/2008
NANCY MILLS , JUSTICE
Reporter: CASE ENOCH
Defendant Present in Court
09/18/2008 MOTION - MOTION FOR ENLARGEMENT OF TIME MADE ORALLY BY STATE ON 09/17/2008

IN OPEN COURT
09/18/2008 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 09/17/2008
NANCY MILLS , JUSTICE
Reporter: CASE ENOCH
Defendant Present in Court

ON THE RECORD
09/18/2008 MOTION - MOTION TO DISMISS DENIED ON 09/17/2008
NANCY MILLS , JUSTICE
Reporter: CASE ENOCH
Defendant Present in Court

ON THE RECORD. PARTIES STIPULATE THAT GROUND 2 IS BEING WITHDRAWN
12/17/2008 POST CONVIC. REVIEW - PCR DETERMINATION UNDER ADVISEMENT ON 09/17/2008
NANCY MILLS , JUSTICE
12/29/2008 FINDING - DENIED ENTERED BY COURT ON 12/29/2008
NANCY MILLS , JUSTICE

A TRUE COPY
ATTEST: _____
Clerk