STATE OF MAINE          RECEIVED AND FILED          SUPERIOR COURT
KENNEBEC, ss          KENNEBEC SUPERIOR COURT          CRIMINAL ACTION
                                                      DOCKET NO. CR-07-63
                      2009 MAY -7  P 2: 52

RONALD GONYOU,        _____
                      CLERK OF COURTS
        Petitioner

    v.                                                DECISION AND ORDER
                                                      ON PETITION FOR
STATE OF MAINE,                                       POST-CONVICTION REVIEW

        Respondent


On August 10, 2005, the petitioner was found guilty after a jury trial of count I of the indictment, sexual exploitation of a minor, and count III, aggravated furnishing of scheduled drugs (marijuana). He was found not guilty of count II, aggravated furnishing of scheduled drugs (cocaine). On September 6, 2005, he received a sentence of ten years incarceration, all but seven years suspended, and three years of probation on count I and two years on count III, to be served concurrently with the sentence on count I.

In his amended petition, the petitioner alleges that he received ineffective assistance of counsel at trial based on the following:

1. trial counsel did not object appropriately to testimony offered at trial;

2. trial counsel failed to obtain medical records for the victim; and

3. trial counsel failed to file a pretrial motion to exclude prejudicial testimony at trial.

For the following reasons, the petition is denied.

FINDINGS

Trial counsel is an experienced trial lawyer and had tried many felony-level jury trials prior to the petitioner's trial. Trial counsel was retained many months prior to

1

trial and he and the petitioner met on a number of occasions. Trial counsel's theory of the case was that the victim was a very young woman making very bad decisions. She was seventeen or eighteen years old; she made decisions to smoke marijuana, use cocaine, and take pills, which she did prior to meeting the petitioner; she made the decision to have her photos taken; and she was not compelled by the petitioner to engage in any of these activities.

There was an insufficient sample of cocaine to test prior to trial. Counsel did not file a motion pursuant to 17-A M.R.S. § 1112. Trial counsel did file a motion in limine to exclude the results of the field test of the residue on the digital scales, which was granted without objection. Trial counsel concluded that the victim's credibility would be affected negatively if she testified that the petitioner gave her cocaine when there was no evidence of cocaine. He hoped that if the jury did not believe the victim about the defendant's alleged furnishing cocaine, the jury would not believe her testimony about furnishing marijuana.

The petitioner reported to trial counsel that petitioner believed the victim had a history of mental health issues. Trial counsel did not obtain any records and none was produced at the hearing on the petition. Trial counsel believed that a history of mental health issues could compromise his strategy; he did not want the jury to conclude that the petitioner had taken advantage of a mentally ill person.

The petitioner argues that his trial counsel should have objected to the following testimony at trial: Transcript I: page 27, line 21; page 28, lines 11-24; page 29, lines 19-25; page 30, lines 1-25; page 32, lines 16-24; page 33, lines 10-15; page 36, line 8; page 42, lines 20-25; page 44, lines 1-9; page 88, line 21; page 100, lines 1-6 and 23-25. The victim testified about the specific drugs she used with, and received from, the petitioner. Special Agent Investigator Jonathan Richards, who has worked as a drug

agent/investigator since 1981 and whose specialty is drug evidence, identified marijuana, testified that digital scales are typically found when people are dealing in powders such as cocaine, and testified that the white residue was consistent with cocaine. Trial counsel did not want to inquire about the source of the victim's knowledge regarding drugs because he feared she would testify that her knowledge came from the petitioner.

CONCLUSIONS

For trial issues, the petitioner must demonstrate that there has been serious incompetency, inefficiency or inattention of counsel that falls below that which might be expected from an ordinary fallible attorney and that the ineffective representation by counsel has likely deprived the defendant of an otherwise available substantial ground of defense. See State v. Brewer, 1997 ME 177, ¶ 15-17, 699 A.2d 1139, 1143-44. "[T]he test is applied on a case-by-case basis, and evaluations of ineffective assistance of counsel claims are 'guided by the overall justness and fairness of the proceeding.'" McGowan v. State, 2006 ME 16, ¶ 12, 894 A.2d 493, 497 (quoting Aldus v. State, 2000 ME 47, ¶¶ 14-15, 748 A.2d 463, 468).

"Defense counsel owes a duty to the client to conduct a reasonable investigation." Lagassee v. State, 655 A.2d 328, 329 (Me. 1995). That duty includes a duty to interview witnesses who have information relevant to a case. See Doucette v. State, 463 A.2d 741, 745 (Me. 1983).

Heightened deference is accorded in reviewing strategic or tactical decisions by trial counsel. See True v. State, 457 A.2d 793, 796 (Me. 1983). The question is whether the strategy has been shown to be "manifestly unreasonable." Id.

3

### Failure to Object

Neither the victim nor Special Agent Richards's testimony was inadmissible. See State v. Bernard, 2001 ME 80, ¶ 12, 772 A.2d 852, 857; State v. Pelletier, 636 A.2d 989, 990 (Me. 1994). The victim's testimony was consistent with trial counsel's strategy, which was not "manifestly unreasonable."

### Medical Records

There is no evidence on this record regarding what the medical record may have contained. See Whitmore v. State, 670 A.2d 394, 396-97 (Me. 1996) (records trial counsel failed to obtain were subject of testimony at the post-conviction review hearing); Lagassee, 655 A.2d at 330 (post-conviction review attorney obtained medical record that supported alibi). Further, trial counsel's reasonable strategy involved not emphasizing the victim's mental health problems.

### 17-A M.R.S. § 1112

Section 1112 provides that if an analysis of drugs is performed, a certificate stating the results of the analysis is admissible unless the "the defendant requests that a qualified witness testify as to the composition, quality and quantity." 17-A M.R.S. § 1112(1). There was no analysis of the cocaine performed in this case.

The entry is

The Petition for Post-Conviction Review is DENIED.

Date: May 7, 2009

Nancy Mills
Justice, Superior Court

4

RONALD A GONYOU JR
    VS
STATE OF MAINE

## DOCKET RECORD

PL. DOB: 01/25/1973
PL. ATTY: DAVID PARIS                          State's Attorney: EVERT FOWLE
            72 FRONT STREET
            BATH ME 04530-2657
            APPOINTED 01/30/2007

Filing Document: PETITION                     Major Case Type: POST CONVICTION REVIEW
Filing Date: 01/18/2007

## Charge(s)

## Docket Events:

01/18/2007 FILING DOCUMENT -  PETITION FILED ON 01/18/2007

01/18/2007 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 01/18/2007

01/30/2007 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 01/30/2007

02/05/2007 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 01/30/2007
            NANCY  MILLS , JUSTICE
            COPY TO PARTIES/COUNSEL
02/05/2007 Party(s):  RONALD A GONYOU JR
            ATTORNEY -  APPOINTED ORDERED ON 01/30/2007

            Attorney:  DAVID PARIS
02/05/2007 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 02/05/2007

02/08/2007 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 02/07/2007

            JUSTICE MILLS.
03/21/2007 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY PETITIONER ON 03/20/2007

03/22/2007 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/22/2007

            COPY TO PARTIES/COUNSEL
07/12/2007 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 07/10/2007

07/31/2007 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 07/30/2007

04/18/2008 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 05/08/2008 @ 1:00
            NANCY  MILLS , JUSTICE
04/18/2008 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 04/18/2008

05/15/2008 POST CONVIC. REVIEW -  PCR CONFERENCE HELD ON 05/08/2008
            NANCY  MILLS , JUSTICE
            Defendant Not Present in Court
05/15/2008 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 08/12/2008 @ 1:00
            NANCY  MILLS , JUSTICE
            NOTICE TO PARTIES/COUNSEL

05/15/2008 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 05/15/2008

05/15/2008 POST CONVIC. REVIEW -  ORDER RESULTING FROM PCR CONF FILED ON 05/08/2008

06/12/2008 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 06/11/2008

      AMENDED PRE-HEARING ORDER
07/21/2008 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 07/21/2008

      DA:  DAVID PARIS
07/23/2008 MOTION -  MOTION FOR WITHDRAWAL OF CNSL DENIED ON 07/22/2008
      NANCY  MILLS , JUSTICE
      COPY TO PARTIES/COUNSEL
08/11/2008 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 08/11/2008

      CERTIFIED COPY TO SHERIFF DEPT.
12/26/2008 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 02/10/2009 @ 12:00

      NOTICE TO PARTIES/COUNSEL
12/26/2008 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 12/26/2008

      CERTIFIED COPY TO SHERIFF DEPT.
12/26/2008 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 12/26/2008

01/12/2009 MOTION -  MOTION TO CONTINUE FILED BY STATE ON 01/09/2008

      DA:  PAUL RUCHA
01/13/2009 MOTION -  MOTION TO CONTINUE GRANTED ON 01/13/2009
      NANCY  MILLS , JUSTICE
      COPY TO PARTIES/COUNSEL
02/04/2009 HEARING -  EVIDENTIARY HEARING CONTINUED ON 01/13/2009

02/04/2009 HEARING -  EVIDENTIARY HEARING CONTINUED ON 08/12/2008

02/11/2009 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 03/20/2009 @ 8:30
      NANCY  MILLS , JUSTICE
      NOTICE TO PARTIES/COUNSEL
02/11/2009 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 02/11/2009

      CERTIFIED COPY TO SHERIFF DEPT.
02/11/2009 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 02/11/2009

02/27/2009 MOTION -  MOTION TO CONTINUE FILED BY STATE ON 02/23/2009

02/27/2009 MOTION -  MOTION TO CONTINUE DENIED ON 02/26/2009
      NANCY  MILLS , JUSTICE
      COPY TO PARTIES/COUNSEL
03/16/2009 MOTION -  MOTION TO CONTINUE FILED BY STATE ON 03/13/2009

03/23/2009 MOTION -  MOTION TO CONTINUE GRANTED ON 03/20/2009
      NANCY  MILLS , JUSTICE
      COPY TO PARTIES/COUNSEL
04/06/2009 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 04/06/2009

CERTIFIED COPY TO SHERIFF DEPT.
04/06/2009 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 04/16/2009 @ 8:30
        NANCY  MILLS , JUSTICE
        NOTICE TO PARTIES/COUNSEL
04/06/2009 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 04/06/2009


05/08/2009 HEARING -  EVIDENTIARY HEARING HELD ON 04/16/2009
        NANCY  MILLS , JUSTICE
        Reporter: JANETTE COOK
        Defendant Present in Court
05/08/2009 FINDING -  DENIED ENTERED BY COURT ON 05/07/2009
        NANCY  MILLS , JUSTICE
05/08/2009 HEARING -  EVIDENTIARY HEARING CONTINUED ON 03/20/2009


A TRUE COPY
ATTEST: _____
                      Clerk